LESLIE BARNES MARKS
3999 Suter Street
Oakland, CA 94602
Tel: 510/434-9758
Email: blaqrubi@yahoo.com

Plaintiff IN PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BARNES MARKS, In Pro Per,<br><br>  Plaintiff,<br><br>  v.<br><br>TOM CHICOINNE, an individual, Home 123 Corporation, and NEW CENTURY MORTGAGE CORPORATION, and NEW CENTURY MORTGAGE CORPORATION dba HOME 123, and DOES, 1-100,<br><br>  Defendants. | CASE NO. C06-06806 SI<br><br>**OPPOSITION TO DEFENDANTS MOTION TO STRIKE**<br><br>Original Complaint filed<br>In State Court: July 28, 2006<br><br>Date: January 19, 2007<br>Time: 9:00 a.m.<br>Dept.: Courtroom 10, 19th Floor |

PLAINTIFF, LESLIE BARNES MARKS, alleged all the ultimate facts, i.e. all the essential elements necessary to support her causes of action. Plaintiff respectfully requests this Court to overrule the motion to dismiss in this action as well as deny Defendant's motion to strike portions of the First Amended Complaint. This Court should deny Defendant's motion to strike the portions of the Complaint as they properly allege ultimate facts or are otherwise amply supported by facts in other areas of the First Amended Complaint.

Defendants' introduction and procedural history contains, almost verbatim, the same misstatements contained in the introduction and procedural history to its motion to dismiss, which will be heard concurrently with this motion. In order to avoid repetition and for brevitiy's sake, Plaintiff refers the Court to the factual background contained in her Opposition to the

-1-
OBJECTION TO MOTION TO STRIKE

Motion to Dismiss (which is filed concurrently with this Opposition) and incorporates it by reference herein.

Defendants' motion to strike is based entirely on the same ground upon which its general demurrer is based, i.e., that Plaintiff has purportedly failed to allege facts sufficient to support her causes of action (or certain causes of action). As fully set forth in Plaintiff's Opposition to the Motion to Dismiss and incorporated herein by reference herein, Plaintiff has alleged all the requisite facts necessary to support her causes of action. Weil & Brown, Civ. Proc. Before Trial (Rutter) § 6:123-6:124. Allegations of unnecessary detail are objectionable as "evidentiary" pleading, just as are generalized legal conclusions. *Id.* As fully set forth in Plaintiff's Opposition to the Motion to Dismiss, Plaintiff's properly alleged the ultimate facts," i.e. all the essential elements of the causes of action.

Moreover, any conclusory allegations could not be stricken when supported by other factual allegations in the complaint. *Perkins v. Superior Court*, 117 Cal.App.3d 1, 6 (1981). In *Perkins* the court refused to strike the allegation that the defendant was guilty of "oppression, fraud and malice" because the complaint contained sufficient facts to support such allegations. In refusing to do so the court noted that "[t]he distinction between conclusions of law and ultimate facts is not at all clear and involves at most a matter of degree."

Similarly, in this case, any conclusion legal allegations are supported by facts that sufficiently support all of the causes of action. The following portions of the First Amended Complaint that Defendants seek to strike (as set forth in the notice are supported by facts as follows:

¶7 of the Prayer for Relief: … For punitive damages in an amount in excess of Seventy-One Thousand dollars ($71,000) for Defendants' willful, malicious and conscious disregard of Marks' rights in creating and maintaining fraud, and malicious misconduct and the attempted theft of the home of Plaintiff. (Punitive damages are intended to punish the defendants and to discourage the conduct of the type the defendant engaged in. For example, in the O.J. Simpson civil case, the jury awarded relatively modest compensatory damages, but awarded the Brown


and Goldman families tens of millions of dollars in punitive damages against Simpson, because the jury found, in effect, that Simpson murdered Brown and Goldman.)

Plaintiff notes: Defendants Notice of Motion to Strike contains a typographical error… ($471,000) the correct amount is $71,000. See, Defendants' Motion to Strike at page 3 line11.

Plaintiff's prayer for punitive damages is a valid request. Defendants have caused Plaintiff irreparable harm. Defendants, and each of them, have damaged Plaintiff's credit, employability and emotional stability. Plaintiff's request is indeed modest, compared to the damage Defendants have caused.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this court overrule Defendants Motion to Dismiss and Motion to Strike to the First Amended Complaint.

Dated: December 28, 2006

_____
Leslie Barnes Marks, Pro Se