LESLIE BARNES MARKS
3999 Suter Street
Oakland, CA  94602
Tel:  510/434-9758
Email:  blaqrubi@yahoo.com

Plaintiff IN PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BARNES MARKS, In Pro Per,<br><br>Plaintiff,<br><br>v.<br><br>TOM CHICOINNE, an individual, HOME 123 CORPORATION, and NEW CENTURY MORTGAGE CORPORATION, and NEW CENTURY MORTGAGE CORPORATION dba HOME 123, and DOES, 1-100,<br><br>Defendants.<br>_____ | ) CASE NO. C06-06806 SI<br>)<br>) **SECOND AMENDED COMPLAINT**<br>) **ALLEDGING INTENTIONAL**<br>) **FRAUDULENT AND NEGLIGENT**<br>) **MISREPRESENTATION; BREACH OF**<br>) **THE IMPLIED COVENANT OF GOOD**<br>) **FAITH AND FAIR DEALING;  UNFAIR**<br>) **BUSINESS PRACTICES; AND**<br>) **VIOLATION OF THE TRUTH IN**<br>) **LENDING ACT (TILA)**<br>)<br>) **EHXIBITS D - G**<br>)<br>) DEMAND FOR JURY TRIAL<br>) Original Complaint filed<br>  In State Court:  July 28, 2006 |

-1-

EXHIBITS D - G

# EXHIBIT D

# STATE OF CALIFORNIA
# DEPARTMENT OF REAL ESTATE

The license information shown below represents public information taken from the Department of Real Estate's database at the time of your inquiry. It will not reflect pending changes which are being reviewed for subsequent database updating. Also, the license information provided includes formal administrative actions that have been taken against licensees pursuant to the Business and Professions Code and/or the Administrative Procedure Act. All of the information displayed is public information. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

License information taken from records of the Department of Real Estate on 8/24/2006 9:50:52 PM

| | |
|---|---|
| **License Type:** | CORPORATION |
| **Name:** | New Century Mortgage Corporation |
| **Mailing Address:** | 18400 VON KARMAN STE 1000 IRVINE, CA 92612 |
| **License ID:** | 01201612 |
| **Expiration Date:** | 09/20/99 |
| **License Status:** | EXPIRED |
| **Original License Date:** | 09/21/95 (Unofficial -- taken from secondary records) |
| **Former Name(s):** | Jbe Mortgage Corporation |
| **Main Office:** | NO CURRENT MAIN OFFICE ADDRESS ON FILE |
| **Licensed Officer(s):** | DESIGNATED OFFICER 01196254 - Expiration Date: 09/20/99 Morrice, Bradley Alexander EXPIRED AS OF 09/21/99 |
| **DBA** | NO CURRENT DBAS |
| **Branches:** | NO CURRENT BRANCHES |
| **Comment:** | NO DISCIPLINARY ACTION |
| | NO OTHER PUBLIC COMMENTS |
| | >>>> Public information request complete <<<< |

## Public License Information

Please enter the Licensee's Name (Last Name, First Name), Company Name or License Identification Number.  Name Search Help

**Licensee/Company Name:** HOME 123

**Mailing Address City** *(optional)*:

OR

**License ID:**

[ Clear ] [ Find ]

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch office city.

**No matching public record was found for Licensee: HOME 123**

**Home**

DRE - Public Licensee Information

## Public License Information

Please enter the Licensee's Name (Last Name, First Name), Company Name or License Identification Number.  Name Search Help

**Licensee/Company Name:**  CHICOINE, TOM

**Mailing Address City** *(optional)*:

OR

**License ID:**

[ Clear ] [ Find ]

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch office city.

**No matching public record was found for Licensee:
CHICOINE, TOM**

**Home**

RE - Public Licensee Information

## Public License Information

Please enter the Licensee's Name (Last Name, First Name), Company Name or License Identification Number.  Name Search Help

**Licensee/Company Name:**   CHICOINNE, TOM

**Mailing Address City** *(optional)*:

OR

**License ID:**

Clear   Find

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch office city.

**No matching public record was found for Licensee:**
**CHICOINNE, TOM**

**Home**

http://www2.dre.ca.gov/PublicASP/pplinfo.asp?start=1

8/24/2006

# STATE OF CALIFORNIA
# DEPARTMENT OF REAL ESTATE

The license information shown below represents public information taken from the Department of Real Estate's database at the time of your inquiry. It will not reflect pending changes which are being reviewed for subsequent database updating. Also, the license information provided includes formal administrative actions that have been taken against licensees pursuant to the Business and Professions Code and/or the Administrative Procedure Act. All of the information displayed is public information. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

License Information taken from records of the Department of Real Estate on 8/24/2006 9:50:52 PM

| | |
|---|---|
| **License Type:** | CORPORATION |
| **Name:** | New Century Mortgage Corporation |
| **Mailing Address:** | 18400 VON KARMAN STE 1000<br>IRVINE, CA 92612 |
| **License ID:** | 01201612 |
| **Expiration Date:** | 09/20/99 |
| **License Status:** | EXPIRED |
| **Original License Date:** | 09/21/95 (Unofficial -- taken from secondary records) |
| **Former Name(s):** | Jbe Mortgage Corporation |
| **Main Office:** | NO CURRENT MAIN OFFICE ADDRESS ON FILE |
| **Licensed Officer(s):** | DESIGNATED OFFICER<br>01196254 - Expiration Date: 09/20/99<br>Morrice, Bradley Alexander<br>EXPIRED AS OF 09/21/99 |
| **DBA** | NO CURRENT DBAS |
| **Branches:** | NO CURRENT BRANCHES |
| **Comment:** | NO DISCIPLINARY ACTION |
| | NO OTHER PUBLIC COMMENTS |
| | >>>> Public information request complete <<<< |

DRE - Public Licensee Information                                                                                    Page 1 of 1

---

## Public License Information

Please enter the Licensee's Name (Last Name, First Name), Company Name or License
Identification Number.  Name Search Help

**Licensee/Company Name:**  HOME 123

**Mailing Address City** *(optional)*:

OR

**License ID:**

[ Clear ]  [ Find ]

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch
office city.

**No matching public record was found for Licensee:**
**HOME 123**

---

Home

DRE - Public Licensee Information

## Public License Information

Please enter the Licensee's Name (Last Name, First Name), Company Name or License Identification Number.  Name Search Help

**Licensee/Company Name:** CHICOINE, TOM

**Mailing Address City** *(optional)***:**

OR

**License ID:**

[ Clear ]  [ Find ]

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch office city.

**No matching public record was found for Licensee: CHICOINE, TOM**

**Home**

## Public License Information

Please enter the Licensee's Name (Last Name, First Name), Company Name or License Identification Number.  Name Search Help

**Licensee/Company Name:** CHICOINNE, TOM

**Mailing Address City** *(optional)*:

OR

**License ID:**

Clear   Find

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch office city.

**No matching public record was found for Licensee:
CHICOINNE, TOM**

**Home**

# STATE OF CALIFORNIA
# DEPARTMENT OF REAL ESTATE

The license information shown below represents public information taken from the Department of Real Estate's database at the time of your inquiry. It will not reflect pending changes which are being reviewed for subsequent database updating. Also, the license information provided includes formal administrative actions that have been taken against licensees pursuant to the Business and Professions Code and/or the Administrative Procedure Act. All of the information displayed is public information. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

License Information taken from records of the Department of Real Estate on 8/24/2006 11:54:04 PM

| | |
|---|---|
| **License Type:** | CORPORATION |
| **Name:** | Fremont Mortgage Corp |
| **Mailing Address:** | 39505 PASEO PADRE PKY<br>FREMONT, CA 94538 |
| **License ID:** | 01384070 |
| **Expiration Date:** | 05/21/07 |
| **License Status:** | LICENSED |
| **Original License Date:** | 05/22/03 (Unofficial -- taken from secondary records) |
| **Former Name(s):** | NO FORMER NAMES |
| **Main Office:** | 39505 PASEO PADRE PKY<br>FREMONT, CA 94538 |
| **Licensed Officer(s):** | DESIGNATED OFFICER<br>01253491 - Expiration Date: 05/21/07<br>Siddiq, Mariam Azizi |
| **DBA** | NO CURRENT DBAS |
| **Branches:** | NO CURRENT BRANCHES |
| **Salespersons:** | 01267650 - Siddiq, Jawid |
| **Comment:** | NO DISCIPLINARY ACTION |
| | NO OTHER PUBLIC COMMENTS |

>>>> Public Information request complete <<<<

http://www2.dre.ca.gov/PublicASP/pplinfo.asp?License_id=01384070                   8/25/2006

# EXHIBIT E

NORTH
AMERICAN
TITLE
COMPANY

4230 Kiernan Ave., Suite 170
Modesto, CA 95356


Phone:  (209) 545-0676
Fax:  (209) 545-9765


Leslie Marks
3099 Suter Street
Oakland, CA  94602

Escrow No.: 58201-56610461-RRS
Date:       May 3, 2006
Property:   3099 Suter Street
            Oakland, CA  94602

Dear Leslie:

The above referenced escrow closed on March 30, 2006.  In connection therewith, we are enclosing the following documents:

      Disbursment Summary
      Revised Closing/Final Settlement Statement (please retain for income tax purposes)

It has been a pleasure to have handled your escrow, and we trust we may be of service to you in the future.

Sincerely,

North American Title Company


Rich Schmuhl,
Escrow Officer



**NORTH AMERICAN TITLE COMPANY**

4230 Kiernan Ave., Suite 170
Modesto, CA 95356

Phone: (209) 545-0676
Fax: (209) 545-9765

*BORROWER'S FINAL SETTLEMENT STATEMENT*

**ESCROW NO.:** 58201-56610461-RRS
**PROPERTY:**
3099 Suter Street
Oakland, CA 94602

**DATE:** May 3, 2006

**CLOSING DATE:** March 30, 2006

**BORROWER:**

Leslie Barnes Marks

|  | DEBIT $ | CREDIT $ |
|---|---|---|
| **FINANCIAL CONSIDERATION** |  | 495,000.00 |
| New 1st  Trust Deed |  |  |
|  |  |  |
| **LOAN INFORMATION - Home 123 Corporation** |  |  |
| **[Charges $11,706.87]** |  |  |
| Loan Discount Fee to Home 123 Corporation | 9,900.00 |  |
| Tax Service to Home 123 Corporation | 78.00 |  |
| Document Fee to Home 123 Corporation | 300.00 |  |
| Processing Fee to Home 123 Corporation | 310.00 |  |
| Underwriting Fee to Home 123 Corporation | 300.00 |  |
| Flood Cert Fee to Home 123 Corporation | 11.20 |  |
| Aggregate Adjustment to Home 123 Corporation | (634.45) |  |
| Interest at $116.6300/day from 03/29/2006 to 04/01/2006 to Home 123 Corporation | 349.89 |  |
| Insurance @ $140.92/mo for 6 mos to Home 123 Corporation | 845.52 |  |
| Taxes @ $246.71/mo for 1 mo to Home 123 Corporation | 246.71 |  |
|  |  |  |
| **PAYOFF CHARGES - HomEq Servicing** |  |  |
| **[Total Payoff $465,035.71]** | 446,551.21 |  |
| Principal Balance | 3,070.04 |  |
| Interest on Principal Balance to 03/31/2006 |  |  |
| Interest on Principal Balance at $100.8700/day from 03/31/2006 to 04/06/2006 | 605.22 |  |
| Other Fees | 75.00 |  |
| Prepayment Penalty | 14,724.24 |  |
| Recording Fee(s) | 10.00 |  |
|  |  |  |
| **PAYOFF CHARGES - American Agencies** |  |  |
| **[Total Payoff $4,108.80]** | 4,095.36 |  |
| Principal Balance | 13.44 |  |
| Interest on Principal Balance at $1.1200/day from 03/25/2006 to 04/06/2006 |  |  |
|  |  |  |
| **OTHER DEBITS/CREDITS** | 200.00 |  |
| ALEXANDRA ZAPATA for Notary Fee |  |  |
|  |  |  |
| **TITLE/TAXES/RECORDING CHARGES*** | 1,102.33 |  |
| ALTA Loan Policy Fee to North American Title Company | 65.00 |  |
| Recording Trust Deed to North American Title Company |  |  |
|  |  |  |
| **ESCROW CHARGES** | 395.00 |  |
| Escrow Fee to North American Title Company |  |  |
|  |  |  |
| Refund |  | 12,386.29 |
| **TOTAL** | $   495,000.00 | $   495,000.00 |

*Recording Fees include charges for services performed by North American Title Company, Inc., in addition to an estimate of payments to be made to governmental agencies.

**SAVE THIS STATEMENT FOR INCOME TAX PURPOSES**

# EXHIBIT F

# ADJUSTABLE RATE NOTE
### (LIBOR Six-Month Index (As Published in *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

| November 22, 2004 | Oakland | California |
|---|---|---|
| [Date] | [City] | [State] |

3099 SUTER ST, Oakland, CA  94602
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $263,250.00                (this amount is called "Principal"), plus interest, to the order of Lender. Lender is **New Century Mortgage Corporation**

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of           9.100 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on **January 1, 2005**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **December 1, 2034**               , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **18400 Von Karman, Suite 1000 Irvine, CA 92612**

or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $2,137.14                 . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

1000258492

MULTISTATE ADJUSTABLE RATE NOTE - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN *THE WALL STREET JOURNAL*) -
Single Family - Fannie Mae UNIFORM INSTRUMENT

838N (0303)          Form 3520 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 4          Initials

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the first day of **December, 2006**         , and on that day every **6th**         month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **Six And Ninety-five Hundredth (s)**         percentage points (         **6.950** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than         **10.600** % or less than         **9.300** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One And One-half**         percentage point(s) (         **1.500** %) from the rate of interest I have been paying for the preceding 6         months. My interest rate will never be greater than         **16.100** %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

1000258492

Form 3520 1/01

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000 %** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

1000258492

(logo)-838N (9/01)                    Page 3 of 4                    Form 3500 3/01   Initials: (signature)



**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED:

_Leslie Barnes Marks_ (Seal)
LESLIE BARNES MARKS               -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

*[Sign Original Only]*

1000258492

-B3BN (0210)              Page 4 of 4              Form 3520 1/05

OMB No. 2502-0265 (Exp. 1/31-46)          Page 1

**A.**  CHICAGO TITLE COMPANY

CLOSER: Florence Low
DATE OF PRINTING: 12/29/04
TIME OF PRINTING: 11:23

**ESTIMATED SETTLEMENT STATEMENT**
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

**B. TYPE OF LOAN**

| | | | |
|---|---|---|---|
| 1. ☐ FHA | 2. ☐ FmHA | 3. ☐ CONV. UNINS. | |
| 4. ☐ VA | 5. ☐ CONV. INS. | | |
| 6. File Number: 718868 | 7. Loan Number: 1000258492 | 8. Mortgage Insurance Case Number 09073886X-901 F4 NEW | |

**C. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME OF BORROWER:** Leslie Barnes Marks
ADDRESS:

**E. NAME OF SELLER:**
ADDRESS:

**F. NAME OF LENDER:** New Century Mortgage Corporation
ADDRESS: 2000 Crow Canyon Place, #240
San Ramon        California        94583

**G. PROPERTY LOCATION:** 3099 Suter Street
Oakland        California        94602

**H. SETTLEMENT AGENT:** CHICAGO TITLE COMPANY
ADDRESS: 1400 Noriega Street
San Francisco        California        94122

**PLACE OF SETTLEMENT:** 1400 Noriega Street
ADDRESS: San Francisco        California        94122

**I. SETTLEMENT DATE:** November 30, 2004

November 30, 2004

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 14,769.45 | 403. | |
| 104. Payoff of express lease Associates | 126,965.33 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMT DUE FROM BORROWER | 141,234.84 | 420. GROSS AMT DUE TO SELLER | |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan | 263,250.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 263,250.00 | 520. TOTAL REDUCTIONS AMT DUE SELLER | |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT TO/FROM SELLER | |
| 301. Gross amt due from borrower (line 120) | 141,234.84 | 601. Gross amt due to seller (line 420) | |
| 302. Less amts paid by/for borrower (line 220) | ( 263,250.00) | 602. Less reductions in amt due seller (line 520) | ( 0.00) |
| 303. CASH (☐ FROM) (☒ TO) BORROWER | 121,335.16 | 603. CASH (☒ TO) (☐ FROM) SELLER | 0.00 |

CHICAGO TITLE COMPANY
AND CORRECT COPY
CERTIFIED TO BE A TRUE

11/28/2003 12:26 FAX 415 5642421          CHICAGO TITLE                    @007/008

| | | | | |
|---|---|---|---|---|
| ORDER/ESCR 738868  PH | | Page2 | OMB No. 2502-0265 (Rev. 12-31-86) | |
| REF:  600738868 PE  NOR | **L. SETTLEMENT CHARGES** | | TIME OF PRINTING: 11:22 | |
| | | | DATE OF PRINTING: 11/25/04 | |

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION based on price** | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. 13% $ to | | | |
| 702. 13% to | | | |
| 703. Commission paid at Settlement | | | |
| Money retained by broker applied to commission $ | | | |
| 704. Other sales agent charges | | | |
| 705. Additional commission          to Preferred Processing service | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee  1.00%  % Preferred Processing Service | | 7,697.50 | |
| 802. Loan Discount  % | | | |
| 803. Appraisal Fee to | | | |
| 804. Credit Report to  Preferred Processing | | 38.00 | |
| 805. Lender's Inspection Fee to | | | |
| 806. Mortgage Insurance Application Fee to | | | |
| 807. Assumption Fee to | | | |
| 808. Tax Prep to New Century Mortgage Corporation | | 200.00 | |
| 809. Flood Cert to New Century Mortgage Corporation | | 11.20 | |
| 810. Processing Fee to New Century Mortgage Corporation | | 350.00 | |
| 811. Tax Service to New Century Mortgage Corporation | | 78.00 | |
| 812. ADDITIONAL ITEMS PAYABLE IN CONNECTION WITH LOAN (RETAINED) | | 950.00 | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest from 11/29/04 to 12/01/04 @$6/$6100 /day for  days | | 131.26 | |
| 902. Mortgage Insurance Premium for        months to | | | |
| 903. Hazard Insurance Premium for  3.00  years to  CALL | | 1,300.00 | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance  3.00  month @$  98.17  per month | | 196.34 | |
| 1002. Mortgage Insurance  0.00  month @$  per month | | | |
| 1003. City property taxes  0.00  month @$  per month | | | |
| 1004. County property taxes  2.00  month @$ 199.50  per month | | 399.00 | |
| 1005. Annual assessments  0.00  month @$  per month | | | |
| 1006.  0.00 month @$  per month | | | |
| 1007.  0.00 month @$  per month | | | |
| 1008. Aggregate Accounting for Initial Escrow | | (  6.94) | 0.00 |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee  to "CHICAGO TITLE COMPANY" | | 250.00 | |
| 1102. Abstract or title search  to | | | |
| 1103. Title examination  to | | | |
| 1104. Title Insurance binder  to | | | |
| 1105. Document preparation  to CHICAGO TITLE COMPANY | | 90.00 | |
| 1106. Notary fees  to CHICAGO TITLE COMPANY | | 60.00 | |
| 1107. Attorney's fee  to | | | |
| 1108. Title Insurance  to CHICAGO TITLE COMPANY | | 767.00 | |
| (includes above items numbers) | | | |
| 1109. Lender's coverage  $ 263,250.00  $  747.00 | | | |
| 1110. Owner's coverage  $ 0.00 | | 75.00 | |
| 1111. Delivery/Email Fees | | 75.00 | |
| 1112. Endorsement Fee | | | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording fees: Deed $  ;Mortgage  $  ; Release  $ | | 90.00 | |
| 1202. City/county tax/stamps:  Deed  $  ) Mortgage  $ | | | |
| 1203. State tax/stamps:  Deed  $  ( Mortgage  $ | | | |
| 1204. | | | |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey  to | | | |
| 1302. Pest Inspection  to | | | |
| 1303. Pay 2004/2005 1st Inst taxes | | 3,431.19 | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. ADDITIONAL SETTLEMENT CHARGES (RETAINED)  POC | | 14,389.43 | |
| **1400. TOTAL SETTLEMENT CHARGES**  (enter on lines 103, Section J and 502, Section K) | | 14,389.43 | |

CERTIFIED TO BE A TRUE
AND CORRECT COPY
CHICAGO TITLE COMPANY

# EXHIBIT G

# GOOD FAITH ESTIMATE - ITEMIZATION

Lender:  **Home123 Corporation**                    Date: **February 28, 2006**

Loan Number:  **1006788513**

| Reference Number | ITEMIZATION OF AMOUNT FINANCED | | |
|---|---|---|---|
| 900 | **Items Required by Lender** | | |
| 902 | Mortgage Insurance Premium | $ | |
| 903 | Hazard Insurance Premium | $ | |
| 904 | Flood Insurance Premium | $ | |
| | | $ | |
| | **Title Charges** | $ | |
| 1104 | Title Insurance Binder | $ | 934.00 |
| | | $ | |
| | **Government Recording and Transfer** | $ | |
| 1201 | Recording Fees | $ | 200.00 |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

| | | | |
|---|---|---|---|
| Amount paid to others on your behalf | | $ | 1,134.00 |
| Amount paid on your account (Reserves) | | $ | |
| Amount given to you directly | | $ | 349,400.64 |
| Total Amount Financed | | $ | 350,534.64 |
| Total Prepaid Finance Charges | | $ | 2,323.56 |
| Loan Amount | | $ | 352,858.20 |

I acknowledge I have received a copy of the booklets, "Buying Your Home, Settlement Costs and Helpful Information" and "Consumer Handbook on Adjustable Rate Mortgages," if applicable. I fully understand the amounts indicated above are ONLY ESTIMATES and may vary from the actual settlement charges at closing. Further, I fully understand that the loan origination fee, interest rate, term and monthly payment are based on my application and may be subject to change prior to close. If, for any reason, the loan for which I have applied does not close, I agree to reimburse the Lender for any and all costs incurred to process my application including, but not limited to, the appraisal and credit report.