LESLIE BARNES MARKS
3099 Suter Street
Oakland, CA 94602
Tel: 510/434-9758
Email: blaqrubi@yahoo.com

Plaintiff IN PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BARNES MARKS, In Pro Per, | ) CASE NO. C06-06806 SI |
| Plaintiff, | ) **EX PARTE REQUEST FOR AN ORDER** |
| v. | ) **FOR THIS COURT TO HEAR** |
| | ) **MOTIONS OF PLAINTIFF LESLIE** |
| TOM CHICOINNE, an individual, Home 123 | ) **MARKS FOR TEMPORARY** |
| Corporation, and NEW CENTURY | ) **RESTRAINING ORDER AND** |
| MORTGAGE CORPORATION, and NEW | ) **TEMPORARY AND PERMANENT** |
| CENTURY MORTGAGE CORPORATION | ) **INJUNCTION AGAINST** |
| dba HOME 123, and DOES, 1-100, | ) **DEFENDANTS NEW CENTURY** |
| | ) **MORTGAGE AND HOME 123** |
| Defendants. | ) Original Complaint filed |
| | ) In State Court: July 28, 2006 |
| | ) Date: April 6, 2007 |
| | ) Time: 9:00 am |
| | ) Dept: Courtroom 10, 19th Floor |

Plaintiff, LESLIE BARNES MARKS hereby respectfully requests *Ex Parte* for an order for this court to hear motions of Plaintiff Leslie Marks for Temporary Restraining Order and Permanent Injunction on April 6, 2007.

1. Plaintiff is, and at all time mentioned herein was and is, an individual residing in Alameda County and the owner of that certain real property commonly known as 3099 Suter Street, Oakland, California 94602.

-1-

2. This request is made on the grounds that Defendants have filed Chapter 11. Defendant New Century, not Defendant Home 123 send Plaintiff a notice dated March 27, 2007 which states that Plaintiff's loan, which is in dispute with this Court and in default, has been sold to another company, OCWEN. (OCWEN appears to be a form of "NEW CENTURY Company" written backwards.) See, Exhibit A, attached hereto.

3. Plaintiff is concerned that Defendants simply filed bankruptcy and opened a new corporation under another name, OCWEN – while Defendants New Century and Home 123 are STILL under Federal investigation. Plaintiff believes this because the letter is on New Century letterhead but mail in an OCWEN envelope. (See, Exhibit B, a true and correct copy of the envelope in which the notice was delivered.)

4. Plaintiff believes this because what lender would purchase a loan that is in active litigation, and in default. If this is not the case, Plaintiff questions whether Defendant New Century has property notified OCWEN that this loan IS in default and the subject of litigation. Defendant New Century's Notice is also NOT signed by any representative of New Century mortgage. Of course this point if moot if OCWEN is as it appears to be a form of New Century Corporation backwards, a violation of the very same allegations of the current Federal Investigation against Defendant. (See Exhibit A attached hereto).

5. As in clearly stated in Defendant New Century's letter to Plaintiff, dated March 27, 2007, New Century's notice itself is in violation of RESPA, which states Plaintiff should have received Notice of Transfer of her loan 15 (fifteen) days prior to the effective date of transfer (effective transfer is April 2, 2007) which was the same date Plaintiff received the document. (See Exhibit A-1 attached hereto).

6. Defendant New Century Mortgage further violates the law by contacting Plaintiff directly and not through their counsel of record in this matter, or their Counsel of Record for their Bankruptcy matter.

7. Furthermore, Defendants have claimed in the litigation in this Court that New Century is NOT the holder of the mortgage which is the subject of this litigation, Home 123 is

the holder of the mortgage therefore, if that is in fact the case, this Notice should have been provide to Plaintiff through their counsel of record.

8. Defendants, boldly and blatantly defy the laws, disrespect this Court with these shenanigans. Defendants attempt to use the Court system to further defraud Plaintiff from her primary residences attempting to use the laws of this land to further violate and defraud Plaintiff, in the clear view of the Court.

9. Defendants New Century Mortgage Company and Home 123, with offices in Irvine, California, presently under Federal investigation regarding fraudulent mortgage practices among other securities violations are, and at all times mentioned in this complaint was, the lender and beneficiary for that certain loan in excess of $490,000, the subject of this litigation. Plaintiff cannot provide copies of the final loan documents as an exhibit as Defendants fraudulently and illegally refuse and continue to refuse to provide her with copies of these documents, as she is legally entitled to have in her possession, and should have been given on or before or at the closing of the loan.

10. On April 2, 2007 Plaintiff was made aware the Defendants have filed Chapter 11, Bankruptcy, in the State of Delaware.

11. Exhibit C and C-1 attached hereto is a true and correct copy of Page 2 and Page 5 respectively, of Document 53 filed by New Century Mortgage Company with this Court. Marked by an asterisk on Page 2 of 24 is a box requesting All Other Names Used by the Debtor in the last 8 years. As you can see, New Century Mortgage as a "dba" is not listed.

12. Exhibit D attached hereto is a true and correct copy of Defendant's Chicoine's Notice of Acknowledgement and Receipt filed in this action. Where he writes "Home 123 dba NCMC." Shall we assume Defendant Chicoine had no idea how to represent his employer on paper? Plaintiff alleges that Defendants New Century Mortgage and Home 123 illegally used these terms interchangeably, with out regard or respect for the law.

13. Exhibit E and E-1 attached hereto is a true and correct copy of Defendant New Century Mortgage Corporation's Document #52 Page 2 and 5 of 22 pages. Please note at the

asterisk on Page one of the Voluntary Bankruptcy form "All other Names used by the Debtor in the last 8 years. There is no listing of "dba Home 123". Instead Defendant New Century lists Home 123 as an affiliate. However, Defendant New Century does list "dba NCMC" as Defendant Chicoine referred to Home 123 dba NCME in Exhibit D.

14. Attached hereto as Exhibit F is a true and correct caption page from Wolfe & Wyman LLP reflecting (erroneously named as "Home123 Corporation dba New Century Mortgage Corporation.) Exhibit F-1 and F-2 are true and correct copies of the caption page from Wolfe and Wyman LLP's Notice of Bankruptcy Filing, clearly stating "NEW CENTURY MORTGAGE dba HOME 123". Defendant does not list Home 123 as "dba" in its bankruptcy action.

15. Exhibit G-1, G-2 and G-3 attached hereto are true and correct copies of the California Department of Real Estate Public information, clearly showing that at the time of this loan transaction NO DEFENDANT WAS A LICENSED REAL ESTATE BROKER OR AGENT as is required by California law.

16. Exhibit H attached hereto is a copy the Section 32 Truth In Lending Worksheet 30 year term provided by former Home 123 Employee, Meocia Bazemore. The estimated loan was approximately for $350,000, 30 year term at 10%. Plaintiff declined this interest rate. This is when Defendant Chicoine terminated Ms. Bazemore and began defrauding Plaintiff.

17. Exhibit H-1 is the estimated High Cost Mortgage Worksheet 30 year term provided by former Home 123 Employee, Meocia Bazemore. Exhibit H-2 is a copy of a fax cover sheet from Ms. Bazemore.

18. Exhibit I attached hereto is final loan document reflecting a loan in excess of $100,000 over the estimate, in addition, the present loan is a 40-year loan, not the 30 year loan that was shopped originally agreed to by Plaintiff and Defendant Chicoine.

19. Exhibit J attached hereto is a copy of the Wall Street Journal article. This article depicts actions of Defendants, some of the very same actions alleged by Plaintiff in this action.

20. In reliance upon the promises of Defendant Chicoine as described in detail in the

Second Amended Complaint, additionally, in violation of the State of California Department of Real Estate, no named defendant was a legal active member of the DRE, as is required by California law to quote real estate interest rates and service mortgage loans.

21. Plaintiff has no adequate remedy at law for the injuries that are threatened in that the real property is unique and it will be impossible for Plaintiff to determine the precise amount of damage that she will suffer if Defendants conduct, and each of them, is not restrained or Plaintiff will be forced to institute a multiciplicity of legal actions to obtain adequate compensation for her injuries.

22. The failure of the Promissory Note and Deed of Trust to reflect the true intent of the parties resulted from Defendants' false representations to Plaintiff that the promissory Note would embody their real agreement.

23. Without knowledge of the true facts and in reliance on Defendants falsely made representations, Plaintiff was deceived and misled into signing a writing that differed materially from the prior oral understanding of the parties. Plaintiff's reliance on Defendants' false representation that the written Promissory Note would confirm to the parties intended agreement was reasonable and justified in that Defendants had previously shown Plaintiff a writing that contained the parties' intended agreement, and Plaintiff was obligated under duress, misrepresentations by Defendants and falsehoods.

24. Defendants, knowing the representations to be false and with the intent to deceive Plaintiff, and to induce Plaintiff to enter into the contract, falsely and fraudulently represented to Plaintiff that she qualified for a loan at an inflated interest rate, in a amount in excess of $400,000 with credit scores of less than 500.

25. The representations made by Defendants were in fact false. The true facts were the Defendants intended to raise the interest rate to a higher rate, place Plaintiff in an economically burdensome loan and steal her primary homestead from her.

26. At the time representations were made and at the time Plaintiff entered into the purchase contract for the real property, Plaintiff did not know the representations were false, but

believed them to be true and reasonably relied on them.

27. Plaintiff will suffer substantial harm and injury under the Promissory Note and Deed of Trust if they are not rescinded in that Plaintiff will be deprived of her bargain and will have a loan substantially different, inferior and economically burdensome to the one she bargained for.

28. Plaintiff intends service of this Request to serve as Notice of Rescission of the Promissory Note and Deed of Trust, and hereby Demands that Defendants restore to her the consideration furnished by Plaintiff, and advise all credit reporting agencies that her credit is not impaired, and reimburse Plaintiff $200,000 representing compensation for her damages at the hand of defendants illegal and fraudulent activities.

29. As a proximate result of Defendants' fraud and deceit and the fact herein alleged, Plaintiff was financially destroyed and encumbered with an economically burdensome loan at a higher interest rate which was past her ability to repay on a current and regular basis, was obligated for additional and grossly excessive repayment charges, and pre payment penalties.

30. Plaintiff is informed and believes and thereon alleges that in performing the acts alleged herein Defendants intentionally misrepresented to and concealed from Plaintiff material facts known to Defendants, specifically set forth herein above, thereby justifying an aware of punitive damages against Defendants, and each of them.

31. In light of facts discovered by the Federal Investigation, Plaintiff believes that Defendants "flipped" her property on paper at least twice. Reverting Plaintiff's loans to her prior Lender, Fremont is not adequate as Fremont received a Cease and Desist order. Reverting Plaintiff's loans to the lender prior to Fremont is inadequate as that lender is Defendant New Century, currently under Federal Investigation. Plaintiff is researching the relationship between New Century Mortgage and Fremont.

32. Plaintiff has filed a priority claim against Defendants in their bankruptcy proceedings. Plaintiff has also filed a motion for relief from the automatic stay against Defendants in their bankruptcy proceedings.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them as follows:

1. For an order requiring Defendants to show cause, if any why they should not be enjoined as set forth above, during the pendency of this action and the pendency of their bankruptcy proceedings;

2. For a temporary restraining order a preliminary injunction and a permanent injunction, all enjoining Defendants, and each of them, and their agents, servants, employees, assigns and all persons acting under, in concert with, or for them:

3. From selling or convey or attempting to sell or convey any and all interest that Plaintiff may have in the real property commonly known as 3099 Suter Street, Oakland, California

4. For reformation of the Promissory Note and Deed of Trust to reflect the proper loan terms.

5. For complete recession of the Promissory Note and Deed of Trust and restoration of Plaintiff's credit files.

6. Additional damages to be proven at the time of trial.

7. Exemplary damages and punitive damages.

Dated: April 2, 2007         _____
                              Leslie Barnes Marks, Pro Se