IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BARNES MARKS, | No. C 06-06806 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| TOM CHICOINE, et al., | |
| Defendants. | |

Via letter brief, plaintiff seeks an order compelling discovery responses from defendant Tom Chicoine. (Proceedings against the other defendants have been stayed by reason of bankruptcy.) The Court rules as follows.

## I.   Interrogatories

Plaintiff filed this action in Alameda County Superior Court. Defendants removed it to this Court on November 11, 2006. Prior to removal, plaintiff propounded 38 form interrogatories on Tom Chicoine. Defendant served his responses to the interrogatories on October 6, 2006. After removal, on March 5, 2007, plaintiff propounded an additional 27 special interrogatories. On April 4, 2007, defendant responded, exclusively with objections. Plaintiff subsequently filed the instant letter brief, requesting substantive responses to her interrogatories, and requesting permission to propound 8 additional special interrogatories.

"Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served." Fed. R. Civ. P. 33(a). Interrogatories propounded in state court prior to removal count towards the 25-interrogatory limit. *See* Adv. Comm. Notes on 1993 Amendments to Fed. R. Civ. P. 33 ("When a case with outstanding interrogatories exceeding the number permitted by this rule is removed to

federal court, the interrogating party must seek leave allowing the additional interrogatories, specify which twenty-five are to be answered, or resubmit interrogatories that comply with the rule."). "[L]eave to serve additional interrogatories is to be allowed when consistent with Rule 26(b)(2). The aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." *Id.*

Through the state court form interrogatories, plaintiff has already exceeded the number of interrogatories she is allowed to propound without leave of court. The Court therefore treats her letter brief as a motion for leave to serve additional interrogatories. Most of the 27 special interrogatories plaintiff has propounded since removal to this Court appear to seek relevant information, and do not appear inconsistent with the guidelines of Rule 26(b)(2). Several, however, are vague or overbroad, or seek information that may be more easily communicated via deposition. In light of these circumstances, the Court GRANTS plaintiff leave to propound 20 special interrogatories. Plaintiff may select those 20 from the 27 already propounded and the 8 she wishes to propound, or may craft a new set. Defendant shall respond to the 20 special interrogatories within two weeks of receiving them. If defendant objects to any of the 20 special interrogatories, and plaintiff disagrees with the objection, the parties must meet and confer. This means that defendant should explain to plaintiff why he objects to the interrogatory, and plaintiff should explain to defendant precisely what information she seeks via the objectionable interrogatory. The parties may do this in writing, by telephone, or in person. Once defendant understands what information plaintiff is seeking, plaintiff should, if necessary, amend the objectionable interrogatory to reflect that understanding, and defendant should answer accordingly. Through this process, the parties will be able to avoid unnecessary intervention from the Court.

## II.    Requests for production of documents

Plaintiff has also propounded 15 requests for production of documents. Defendant objected to all 15. The parties do not appear to have adequately attempted to resolve their disputes over the 15 document requests. Accordingly, the Court ORDERS plaintiff and defendant to meet and confer, in writing, by phone, or in person, to attempt to resolve their disputes as to each, specific request for production. As with the interrogatories, the parties should explain their views to each other, and

plaintiff should attempt to tailor the document requests to a specific and well defined category or selection of documents.

### III. Declaration of no assets

Plaintiff also seeks an order from the Court compelling defendant to sign a document entitled "declaration of no assets," which defendant Chicoine apparently completed on May 14, 2007. Chicoine printed his name at the bottom of the document, but did not sign it. It is unclear to the Court what the declaration of no assets was created for. It appears that Chicoine provided it to plaintiff merely to persuade her that proceeding against him would be fruitless, as he has virtually no assets. As such, the Court has no authority to order that Chicoine sign the document. His lack of signature may bear on the admissibility of the document, should either party ever attempt to use it as evidence, but at this stage, the lack of signature appears irrelevant. The Court therefore DENIES plaintiff's request for an order directing Chicoine to sign his declaration of assets.[1]

[Docket No. 85]

**IT IS SO ORDERED.**

Dated: June 7, 2007

SUSAN ILLSTON
United States District Judge

---

[1] As a final matter, in her reply letter brief, plaintiff suggests that during the parties' most recent Court appearance, defense counsel misrepresented to the Court that Mr. Chicoine was not present. Plaintiff believes that the individual observing the proceedings from the gallery of the courtroom was Mr. Chicoine. For the record, and to clear up any confusion plaintiff might have, the tall young man seated in the gallery was one of the Court's law clerks, not Mr. Chicoine.

3