United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE BARNES MARKS,

Plaintiff,

v.

TOM CHICOINE, et al.,

Defendants.
_______________________________________/

No. C 06-06806 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On August 17, 2007, the Court heard argument on plaintiff's motion for summary judgment against defendant Tom Chicoine. For the following reasons, the Court DENIES plaintiff's motion.

**LEGAL STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

United States District Court
For the Northern District of California

252 (1986).

In deciding a motion for summary judgment, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id.*

**DISCUSSION**

Plaintiff, acting *pro se*, moves for summary judgement against defendant Chicione, who is also without counsel.[1] Chicoine failed to file a response to plaintiff's motion for summary judgement.

The Ninth Circuit explained as follows the legal standard to apply where a Rule 56 motion for summary judgment is unopposed:

> Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial. The party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition. Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues. A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83.

*Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

Thus here, the fact that Chicoine has not filed an opposition to plaintiff's motion does not allow the Court to automatically grant plaintiff's motion. Plaintiff still has the burden of demonstrating the absence of triable issues of fact. Plaintiff has failed to meet this burden.

In order to grant summary judgement the moving part must demonstrate there is no genuine issue of material fact and that the moving party is entitled to a judgement as a matter of law. Fed. R. Civ. P. 56(c). As such, the moving party must usually present evidence that proves her case. Plaintiff has failed

[1] Initially, defendants Chicone, Home 123 Corporation and New Century Mortgage Corporation were jointly represented by Wolfe & Wyman LLP. On May 21, 2007 this Court granted a motion to withdraw as his counsel by the attorneys representing defendant. Prior to withdrawing, counsel filed an answer to plaintiff's most recent complaint on Chicoine's behalf. Prior to withdrawal of counsel, Chicoine also filed answers to some discovery propounded by plaintiff.

United States District Court
For the Northern District of California

to do so. Plaintiff presents no affidavits, declarations, or other evidence that would support her claims.

Should plaintiff wish to again move for summary judgment, or otherwise continue pursuing her case against Mr. Chicoine, the following information may prove useful:

A motion for summary judgment provides a procedure for terminating an action without trial if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the party opposing the motion for summary judgment. *Id.*

The party filing the motion for summary judgment is called the "moving party." The moving party bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where, as in this case, the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.*

The facts relied upon must be admissible under rules governing admission of evidence generally, and must be presented in items such as: (1) declarations based on personal knowledge, accompanied by sworn or certified copies of all documents referred to in the declaration[2]; *id.*; (2) discovery documents, such as answers to deposition questions, answers to interrogatories or answers to requests for admissions, that have been properly authenticated by a declaration by someone with personal knowledge of the documents' accuracy, Fed. R. Civ. P. 56(c); (3) verified complaints that meet the requirements of Rule 56(e) (that is, complaints containing factual assertions that are within the pleader's personal knowledge and are otherwise admissible evidence), *see Schroeder v. McDonald*, 55 F.3d 454,

---

[2] A declaration is a statement of facts which are personally known to the person making the declaration. The facts in a declaration must be admissible in evidence, i.e., evidentiary facts and not conclusions or argument. The declaration must show affirmatively that the person making the declaration is competent to testify to the matters stated therein and contain no inadmissible hearsay or opinions. A declaration must be made under penalty of perjury, i.e., it must be signed at the end after the statement "I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on [date]."

**United States District Court**
For the Northern District of California

460 (9th Cir. 1995); *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996)). The evidence presented on each claim must not only be admissible, but also must be sufficient for a jury to reasonably return a verdict for the moving party. *Anderson*, 477 U.S. at 249.

Once the moving party meets its initial burden, the opposing party may not rest upon the allegations or denials of unverified pleadings, but must file an opposition setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If the opposing party fails to contradict the moving party with declarations or other evidence, the moving party's evidence may be taken as the truth. If the moving party has met its burden of proof and the opposing party fails to set forth specific facts showing that there is a genuine issue for trial, then “the moving party is entitled to judgment as a matter of law.” *Celotex Corp.*, 477 U.S. at 323. A successful motion for summary judgment terminates the action without trial, and will result in a final judgment on the merits.

Thus in this case, should Ms. Marks wish to again seek summary judgment, she must submit hard evidence, including declarations that set forth her personal knowledge of the facts underlying her claims. If she lacks personal knowledge of certain facts, she must seek evidence of those facts through formal discovery – from Chicoine, or from others who may have personal knowledge of the relevant facts. If Chicoine fails to respond to formal discovery requests, plaintiff may seek sanctions against him. Those sanctions may include issue preclusion -- that is, defendant may be foreclosed from presenting evidence concerning various issues, if his discovery failure relates to those issues; this could ultimately result in dismissal of the case.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff’s motion for summary judgment against defendant Chicoine. [Docket No. 98]

**IT IS SO ORDERED.**

Dated: August 21, 2007

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California