IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BARNES MARKS,<br><br>    Plaintiff,<br><br>  v.<br><br>TOM CHICOINE, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 06-06806 SI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Now before the Court is plaintiff's motion for entry of default judgment against defendant Tom Chicoine. For the reasons discussed below, the Court defers ruling on this motion.

**<u>Plaintiff is directed to file further documents in support of her motion by February 27, 2009.</u>**

**BACKGROUND**

On June 28, 2006, plaintiff Leslie Marks, acting *pro se*, filed a complaint against Tom Chicoine, Home 123, and New Century in Alameda County Superior Court. Defendants removed to this Court on October 6, 2006. Plaintiff filed her Third Amended Complaint on April 6, 2007, which Chicoine answered on June 22, 2007. Chicoine subsequently failed to respond to any communications from Marks or this Court, including an August 19, 2008 order to show cause why he should not be declared in default. Default was entered against Chicoine on September 17, 2008. The Court ordered Marks to submit documentation in support of her motion for damages. Now before the Court is Marks' request for the following damages: $50,000 for pain, suffering and emotional distress; $50,000 for punitive damages; $10,000 for "illegal monetary gain;" $33,000.00 for lost wages, and $15,000 for violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, fraud, and "other violations."

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for the entry of default by the clerk where a party has failed to plead or otherwise defend the action and the court may enter a default judgment against a defendant whose default has previously been entered. Fed. R. Civ. Proc. 55(b)(2). Upon default, the factual allegations of the complaint will be taken as true. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). The exception to this rule involves allegations relating to the amount of damages, for which evidentiary support must be provided. *See id.; Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Damages on default may be established via an evidentiary hearing, declarations or affidavits, accounting, or reference to a master or magistrate judge. *See, e.g., James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

**DISCUSSION**

The overarching problems with Marks' request for damages are that she does not explain how the damages she seeks are related to the injuries she has suffered and that she does not submit evidence to prove that the damages she seeks are warranted. The Court will permit Marks to submit additional evidence, including sworn testimony in Court if she requests it, in support of her motion and offers the following discussion by way of guidance.

Marks seeks $50,000 in compensatory damages for "pain, suffering and emotional distress" but does not provide the Court with any evidence supporting this request. Compensatory damages are those damages "awarded to a person as compensation, indemnity or restitution for harm sustained" by that individual. *Restatement 2d of Torts* § 903. Marks must provide the Court with <u>evidence</u>, either through testimony or documents, establishing what the facts of her "pain, suffering and emotional distress" were and why $50,000, or some other amount, is appropriate compensation for her injuries.

Marks seeks $50,000 in punitive damages. In California, punitive damages require a showing by the plaintiff "by clear and convincing evidence" that the defendant acted with "oppression, fraud, or malice." *See* Cal. Civ. Code § 3294. Marks must provide the Court with evidence that Chicoine's acts reach the standard required to warrant punitive damages.

Marks seeks $10,000 in restitution for broker fees paid to Chicoine. Marks must submit

evidence (for example, a cancelled check or a receipt) that she paid Chicoine $10,000 in broker fees.

Marks requests $33,000 in lost wages. She claims she is entitled to this sum because she lost her job as a consequence of Chicoine's acts. She must submit evidence of her salary at her former job and must present facts which establish that Chicoine caused her job loss and that it was reasonably foreseeable to Chicoine that her job loss could result from Chicoine's acts.

Marks also requests $15,000 under TILA and RESPA, as well as for fraud, and "other violations." Marks must request damages for each cause of action separately and may seek damages only for those causes of action alleged in her Third Amended Complaint. She also must explain under which provision she seeks statutory damages and must provide evidence that she is entitled to those damages. For example, under the Real Estate Settlement Procedures Act, brokers are prohibited from charging an illegal referral fee for a "settlement service." If Chicoine charged plaintiff for such a service, she entitled to statutory damages under 12 U.S.C. § 2607(d) to an amount equal to three times the amount of any charge paid for such settlement service. If plaintiff seeks damages under RESPA, she must cite the section of the United State Code under which she seeks damages and provide the Court with proof that she is entitled to these damages, e.g. a copy of a contract stating the amount of the illegal referral fee.

Accordingly, the Court defers ruling on this motion in order to give Marks an opportunity to file additional documentation in support of her request for damages and, if she wishes, to schedule a short testimonial hearing. Marks shall file this documentation no later than **February 27, 2009**. Plaintiff may wish to seek assistance from the Legal Help Center, located on the 15th Floor of the Courthouse, Room 2796, where plaintiff may sign up for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation. If Marks wishes to schedule a short hearing to present her oral testimony, she may contact the Court's deputy to do so.

**IT IS SO ORDERED.**

Dated: February 10, 2009

SUSAN ILLSTON
United States District Judge

3