IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BARNES MARKS, | No. C 06-06806 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO TOM CHICOINE** |
| v. | |
| TOM CHICOINE, et al., | |
| Defendants. | |

Now before the Court is plaintiff's motion for entry of default judgment against defendant Tom Chicoine. Plaintiff seeks $50,000 for pain, suffering and emotional distress; $50,000 for punitive damages; $10,000 for "illegal monetary gain;" $33,000.00 for lost wages, and $15,000 for violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, fraud, and "other violations."

On June 28, 2006, plaintiff Leslie Marks filed a complaint against Tom Chicoine, Home 123, and New Century in Alameda County Superior Court. Defendants removed to this Court on November 1, 2006. Plaintiff filed her Third Amended Complaint on May 1, 2007, which Chicoine answered on June 22, 2007. Chicoine subsequently failed to respond to any communications from Marks or this Court, including an August 19, 2008 order to show cause why he should not be declared in default. Default was entered against Chicoine on September 17, 2008. The Court held an evidentiary hearing on March 18, 2009 at which plaintiff offered oral testimony. At the hearing, plaintiff did not offer into evidence the documents pertaining to her loan or any other transaction in this matter; she testified that she does not have any of her loan documents.

Plaintiff's Third Amended Complaint alleges eight causes of action and names mortgage lenders

Home 123 and New Century Mortgage as defendants in addition to Chicoine. The Court recognizes that some of the causes of action are more properly alleged only against the mortgage lenders as principals. Chicoine was nonetheless the defendant with whom plaintiff interacted in the procurement of her loan and plaintiff testified as to harm that is attributable to Chicoine individually. Specifically, plaintiff averred in her request for default judgment and testified at the evidentiary hearing that Chicoine led her to believe he was her friend, that he made fraudulent misrepresentation of plaintiff's income in the papers he prepared without her consent, and that he falsely stated that he was a "licensed broker" who had completed "hundreds" of real estate deals. Plaintiff testified that she relied on the representations he made. Accordingly, the Court finds that some measure of damages against Chicoine are warranted.

In light of plaintiff's testimony about the fees she paid in conjunction with her loan, the Court finds by a preponderance of the evidence that Chicoine improperly obtained a $10,000 broker's fee from plaintiff. The Court also finds that plaintiff suffered tremendous emotional strain as a result of Chicoine's wrongful acts. In particular, plaintiff testified about the shock of learning that her mortgage payments had been changed, the prolonged uncertainty over whether she would lose her house, and the difficulty she has had in caring for her family while attempting to address Chicoine's wrongdoing. The Court finds that $15,000 in damages are warranted for this pain, suffering and emotional distress experienced by plaintiff.

In sum, plaintiff is entitled to $25,000 in damages. Plaintiff's motion is DENIED with respect to all other damages. The Court hereby enters judgment in plaintiff's favor against defendant Tom Chicoine in the amount of $25,000.

**IT IS SO ORDERED.**

Dated: April 10, 2009

SUSAN ILLSTON
United States District Judge